FILED
United States Court of Appeals
Tenth Circuit

April 30, 2009

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EDWARD DRYDEN,

Defendant - Appellant.

No. 08-3310

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS\***
**(D.C. NO. 2:93-CR-20048-JWL-4)**

---

Cyd K. Gilman, Acting Federal Public Defender, and Kirk C. Redmond, Assistant Federal Public Defender, Topeka, Kansas, for Defendant - Appellant.

Marietta Parker, Acting United States Attorney, and James A. Brown, Assistant United States Attorney, Topeka, Kansas, for Plaintiff - Appellee.

---

Before **HARTZ**, **McKAY**, and **O'BRIEN**, Circuit Judges.

---

**HARTZ**, Circuit Judge.

---

\*After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

After the United States Sentencing Commission decided to give retroactive effect to its recent amendment to the crack-cocaine guidelines, Edward Dryden moved under 18 U.S.C. § 3582(c)(2) for a reduction in his sentence. The district court denied the motion, agreeing with the government that a reduction would be barred by the Commission's policy statement in USSG § 1B1.10(a)(2) , because the amended guideline would not have reduced Mr. Dryden's guideline sentencing range. Mr. Dryden appeals, raising the novel argument that the Commission's policy statement results from an unconstitutional delegation to the Commission of legislative authority to restrict the jurisdiction of federal courts. *See Panama Ref. Co. v. Ryan*, 293 U.S. 388 (1935). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Mr. Dryden was convicted by a jury in the United States District Court for the District of Kansas on one count of conspiracy to distribute crack cocaine. *See* 21 U.S.C. §§ 841(a)(1), 846. On February 15, 1994, the court imposed a sentence of 360 months' imprisonment. He has already received relief from that sentence on one occasion because of a retroactive amendment to the guidelines. Two years after his original sentence, the court granted his motion under § 3582(c)(2) and resentenced him to 292 months' imprisonment. *See* USSG app. C, amend. 505 (Nov. 1, 1994); *id.* amend. 536 (Nov. 1, 1995) (making Amendment 505 retroactive).

Mr. Dryden now seeks additional relief based on the Sentencing Commission's adoption of Amendment 706 to the guidelines on November 1, 2007. *See id.* supp. to app. C, amend. 706. Generally speaking, Amendment 706 adjusts downward by two levels the base offense level that § 2D1.1(c) assigns to various quantities of crack cocaine. *See United States v. Sharkey*, 543 F.3d 1236, 1237 (10th Cir. 2008). The amendment was made retroactive on March 3, 2008. *See* USSG supp. to app. C, amend. 713. Shortly thereafter, Mr. Dryden filed the § 3582(c) motion that is the subject of this appeal. Mr. Dryden's motion argued that the amendment warranted a further reduction to his sentence. The district court disagreed. It reasoned that because Mr. Dryden had been found responsible at his original sentencing for 9.5 kilograms of crack cocaine, an amount exceeding the quantity necessary for a base offense level of 38 both before and after Amendment 706, the amendment did not alter his guideline range. In support of its decision the court cited USSG § 1B1.10(a)(2), a Sentencing Commission policy statement, which states that courts are "not authorized" to reduce a defendant's sentence on the basis of a retroactive amendment to the guidelines unless the amendment has the "effect of lowering the defendant's applicable guideline range."

On appeal Mr. Dryden does not contest the district court's conclusion that his guideline sentencing range was unaffected by Amendment 706. Instead, he attacks the district court's reliance on § 1B1.10(a)(2) for the proposition that the

court could not resentence him unless the amended guideline would reduce his sentencing range. He states that under this provision, "the Sentencing Commission can control which cases the federal courts can and cannot hear" and "submits that this is a power reserved to Congress alone." Aplt. Br. at 4. Treating § 1B1.10(a)(2)'s limitation of district-court authority as jurisdictional, he argues that Congress may not delegate its authority over Article III jurisdiction without prescribing an "intelligible principle" under which that authority is to be exercised. *Id.* at 5. Finding no intelligible principle in the Sentencing Commission's enabling statute, Mr. Dryden concludes that § 1B1.10(a)(2) creates an unconstitutional constraint on resentencing jurisdiction.

Because Mr. Dryden did not raise this issue in district court, our review is only for plain error. *See United States v. Bush*, 405 F.3d 909, 921 (10th Cir. 2005). He cannot prevail on plain-error review unless he establishes that the district court committed error, the error was plain, and the error affected his substantial rights. *See id.* Even then we possess discretion with respect to granting relief, depending on our assessment of whether "the error seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Cotton*, 535 U.S. 625, 631–32 (2002) (internal quotation marks omitted). We hold that Mr. Dryden has failed at the outset of plain-error review because he has not shown that the district court committed error.

Mr. Dryden's nondelegation argument has at least one fatal deficiency: § 1B1.10(a)(2) does no more than reiterate a *statutory* limitation on resentencing. His argument challenges a limitation created not by the Sentencing Commission under delegated authority, but by Congress itself. Section 3582(c) provides that a "court may not modify a term of imprisonment once it has been imposed" unless a listed exception applies. *See United States v. Smartt*, 129 F.3d at 539, 540–41 (10th Cir. 1997) (summarizing exceptions). Mr. Dryden relies exclusively on the exception set forth at § 3582(c)(2), which states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered by the Sentencing Commission* pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added).

In our view, the emphasized language in 18 U.S.C. § 3582(c)(2) conveys the same meaning as the challenged restriction on resentencing in USSG § 1B1.10(a)(2). A sentence is "based on a sentencing range" when the court imposes sentence after calculating the sentencing range derived from the defendant's offense level and criminal-history category. Because the Sentencing Commission can hardly change the facts specific to the defendant's offense and background, the sentencing range on which the defendant's term of imprisonment

-5-

is based can be "lowered by the Sentencing Commission" only if the Commission (1) changes the offense level or criminal-history category that applies to the facts specific to the defendant or his offense, or (2) changes the guideline sentencing range based on a particular offense level and criminal-history category (say, by lowering all maximum sentences by 10%). If a change in the guidelines would not lower the offense level or criminal-history category of the defendant (or lower the sentencing range for that combination of offense level and criminal history), then the defendant cannot say that he "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Id.* It is not enough that the Sentencing Commission has lowered the offense level for similar offenses—such as distributing less crack cocaine than the defendant distributed. Thus, the "lowering" requirement of § 3582(c)(2) is identical to the requirement in USSG § 1B1.10(a)(2) that the amendment to the guidelines "have the effect of lowering the defendant's applicable guideline range." *See United States v. Rodriguez-Pena*, 470 F.3d 431, 432–33 (1st Cir. 2006) (§ 3582(c)(2) barred resentencing under amended guideline because, given facts of defendant's offense, his offense level would be unchanged).

Because the language of USSG § 1B1.10(a)(2) challenged by Mr. Dryden as resulting from an unconstitutional delegation of Congressional authority is

merely a paraphrase of Congress's own language, his delegation argument fails.[1]

The judgment of the district court is AFFIRMED.

---

[1] Mr. Dryden also asserts that § 1B1.10 is "merely advisory." Aplt. Br. at 4. He acknowledges that we rejected this argument in *United States v. Rhodes*, 549 F.3d 833, 837–41 (10th Cir. 2008), and explains that he raises it on appeal only "to preserve his ability to benefit from Supreme Court review." Aplt. Br. at 3. Of course, "[w]e are bound by the precedent of prior panels." *United States v. Mitchell*, 518 F.3d 740, 752 n.14 (10th Cir. 2008) (internal quotation marks omitted).