FILED
United States Court of Appeals
Tenth Circuit

May 1, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CARL MARSHALL,

    Defendant - Appellant.

No. 08-3311

(D. Kansas)

(D.C. No. 2:93-CR-20048-JWL-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **McKAY**, and **O'BRIEN**, Circuit Judges.

---

Federal prisoner Carl Marshall appeals the denial of his motion under

18 U.S.C. § 3582(c)(2) for a reduction to his sentence. We have jurisdiction

under 28 U.S.C. § 1291 and affirm.

In 1993 Mr. Marshall was convicted in the United States District Court for

the District of Kansas on a count of conspiracy to distribute crack cocaine and

multiple counts of distribution of crack cocaine. He received a sentence of life

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

imprisonment.  In 1997 the district court reduced his sentence to 400 months'

imprisonment based on a retroactive amendment to the sentencing guidelines.  *See*

USSG app. C, amend. 505 (Nov. 1, 1994); *id*. amend. 536 (Nov. 1, 1995) (making

Amendment 505 retroactive).

Mr. Marshall filed the § 3582(c)(2) motion at issue in June of 2008.  He

argued that Amendment 706, a retroactive amendment to the crack-cocaine

guidelines, warranted a further reduction in his sentence.  *See id*. supp. to app. C.

amend. 706 (Nov. 1, 2007); *id*. supp. to app. C, amend. 713 (Mar. 3, 2008)

(making Amendment 706 retroactive).  But Amendment 706 did not lower

Mr. Marshall's offense level.  As the district court observed, Mr. Marshall had

been found responsible for 15 kilograms of crack cocaine at his original

sentencing and thus his offense level was 38 (the highest level) both before and

after the amendment.  Because Amendment 706 had no effect on Mr. Marshall's

guideline range, the court concluded that he was not entitled to resentencing and

denied his § 3582(c)(2) motion.  The court relied on USSG § 1B1.10(a)(2), a

Sentencing Commission policy statement providing that courts are "not

authorized" to conduct resentencing under a retroactive amendment unless it has

the "effect of lowering the defendant's applicable guideline range."

On appeal Mr. Marshall advances two arguments, both of which this court

has previously rejected.  He first contends that § 1B1.10(a)(2) is advisory and that

treating it otherwise violates the Sixth Amendment.  Mr. Marshall admits that we

rejected this argument in *United States v. Rhodes*, 549 F.3d 833, 837–41 (10th Cir. 2008), and explains that he raises it here only to preserve the issue for (presumably) en banc or Supreme Court review. Mr. Marshall's other contention is that § 1B1.10(a)(2) results from an unconstitutional delegation of Congress's power to control the jurisdiction of the federal courts. *See Panama Ref. Co. v. Ryan*, 293 U.S. 388 (1935). We have rejected this argument. *United States v. Dryden*, __F. 3d__, No. 08-3310 (10th Cir. Apr. 30, 2009).

We AFFIRM the judgment of the district court.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge