**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 6, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MAURICE SIMMONS,

    Defendant-Appellant.

No. 08-3217

(D.C. No. 6:03-CR-10195-JTM)

(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN** and **BALDOCK,** Circuit Judges, and **BRORBY**, Senior Circuit Judge.

Defendant Maurice Simmons pled guilty to distributing crack cocaine in May 2004. Based on his criminal history, Defendant was determined to be a career offender under § 4B1.1 of the United States Sentencing Guidelines. As his base offense level proved to be 34 under both the career-offender guidelines and the drug guidelines found in § 2D1.1, this designation initially proved immaterial. See U.S.S.G. § 4B1.1(b) (noting that the career offender guidelines generally do not apply unless the base offense level they establish is "greater than the offense level otherwise applicable"). In combination with Defendant's criminal history category

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of VI, Defendant's total offense level of 31 yielded a suggested Guidelines range of 188 to 235 months imprisonment. The Government, however, filed a motion recommending a non-Guidelines sentence. In October 2005, the district court obliged in sentencing Defendant to a prison term of 120 months.[1]

Subsequently, Defendant filed a Motion to Reduce Sentence based on 18 U.S.C. § 3582(c)(2) and the Sentencing Commission's amendment to the crack cocaine guidelines in § 2D1.1. See United States v. Winder, 557 F.3d 1129, 1136 (10th Cir. 2009) (explaining that the Sentencing Commission instituted a 2-level, retroactive reduction in the base offense levels for crack cocaine-related offenses). The district court denied this motion because the amendment to § 2D1.1 failed to lower Defendant's Guidelines range. See U.S.S.G. § 1B1.10(a)(2)(B) (stating that a reduction in a defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) unless a retroactive amendment to the Guidelines has "the effect of lowering the defendant's applicable guideline range"). Even if Defendant's § 2D1.1 sentencing range was lowered by 2 levels, the career offender guidelines in § 4B1.1 would come into play, thus reestablishing Defendant's base offense level at 34. See id. § 1B1.10(b) (explaining that, in determining whether an amendment lowers a

---

[1] In September 2004, the district court sentenced Defendant to 150 months imprisonment, based on a Government motion recommending a non-Guidelines sentence. Due to change circumstances, however, the district court later resentenced Defendant to a 120 month prison term pursuant to Federal Rule of Criminal Procedure 35(b). See 18 U.S.C. § 3582(c)(1)(B).

2

defendant's Guidelines range, only the amended guideline is substituted and "all other guideline application decisions" remain "unaffected").

Nonetheless, Defendant challenges the district court's denial of his Motion to Reduce Sentence on three grounds. First, Defendant claims that § 1B1.10(a)(2)(B)'s stated limitation on the availability of resentencing proceedings under 18 U.S.C. § 3582(c)(2), *i.e.* that a Guidelines amendment must have the effect of lowering a defendant's Guidelines range, is not mandatory.[2] Second, Defendant brings a Sixth Amendment challenge to the validity of the above-stated requirement. See United States v. Booker, 543 U.S. 220, 266-67 (2005). Third, Defendant contends that hinging the availability of a sentence modification proceeding on policy statements issued by the United States Sentencing Commission violates the Constitution's separation of powers principle and the nondelegation doctrine. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

De novo review applies to the purely legal questions Defendant raises on appeal. See Lorenzo v. Mukasey, 508 F.3d 1278, 1282 (10th Cir. 2007) ("We review

---

[2] See 18 U.S.C. § 3582(c)(2) (stating that a court may modify a defendant's term of imprisonment if [1] his sentencing range has been lowered by the Sentencing Commission and [2] "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"); see also U.S.S.G. § 1B1.10(a)(2)(B) (stating that a Guidelines amendment must have the effect of lowering a defendant's Guidelines range before a sentencing modification proceeding under 18 U.S.C. § 3582(c)(2) is authorized).

constitutional and legal questions de novo."). Our precedents foreclose Defendant's arguments. See United States v. Jackson, 493 F.3d 1179, 1186 (10th Cir. 2007) (recognizing that a panel of this court is normally powerless to overrule the holding of a prior panel). We, therefore, affirm the district court's ruling in all respects.

A.

The law of this circuit uniformly rejects Defendant's claim that district courts need not adhere to the policy statements contained in § 1B1.10 of the Guidelines. A district court does not possess the "inherent power to resentence defendants at any time." United States v. Green, 405 F.3d 1180, 1184 (10th Cir. 2005); see also 18 U.S.C. § 3582(c) (stating that generally a "court may not modify a term of imprisonment once it has been imposed"). To the contrary, resentencing is only appropriate in "specified instances where Congress has expressly granted the court jurisdiction to do so." Green, 405 F.3d at 1184; see also United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997) ("A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization.").

The grant of jurisdiction at issue here adheres only when two requirements have been met. First, the Sentencing Commission must have subsequently lowered a defendant's Guidelines range. See 18 U.S.C. § 3582(c)(2). Second, a reduced sentence must be "consistent with applicable policy statements issued by the Sentencing Commission." Id.; see also Stinson v. United States, 508 U.S. 36, 38

4

(1993) (noting that Guidelines commentary is binding "unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline").

The relevant policy statement in § 1B1.10 of the Guidelines is quite clear:  A reduction in a defendant's term of imprisonment is not authorized unless an amendment to the Guidelines has "the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B); see also Winder, 557 F.3d at 1137 (noting that a reduction in sentence is only authorized under 18 U.S.C. § 3582(c)(2) if an amendment to the Guidelines has the effect of lowering a defendant's Guidelines range).  We have already held that a district court lacks jurisdiction to resentence a defendant when a subsequent reduction in his §2D1.1 guidelines range is effectively mooted by the application of the career offender guidelines in § 4B1.1.  See United States v. Sharkey, 543 F.3d 1236, 1238-39 (10th Cir. 2008).  Accordingly, Defendant's first claim is without merit.

## B.

Our precedent also precludes Defendant's claim that adhering to § 1B1.10's limitations on the availability of a sentencing modification proceeding violates the Sixth Amendment, as construed by the Supreme Court in Booker.  In United States v. Rhodes, 549 F.3d 833, 840 (10th Cir. 2008), cert. denied, No. 08-8318, __ S. Ct. __, 2009 WL 178619 (April 27, 2009), we held that Booker has "no bearing on sentencing modification proceedings conducted under § 3582(c)(2)."  See

5

also United States v. Pedraza, 550 F.3d 1218, 1220 (10th Cir. 2008) ("A resentencing proceeding is an entirely different animal that does not implicate the Sixth Amendment concerns that drove the Booker remedy."). We reached this conclusion for four reasons.

First, and most importantly, original sentencing proceedings and resentencing proceedings are "governed by different statutes." Rhodes, 549 F.3d at 840. Second, although 18 U.S.C. § 3553 authorizes the district court to conduct a wide-ranging inquiry in original sentencing proceedings, the scope of resentencing proceedings under 18 U.S.C. § 3582 is much more circumscribed. See id. Third, Booker simply did not address resentencing proceedings under 18 U.S.C. § 3582. See id.; see also Pedraza, 550 F.3d at 1220. Fourth, the Sixth Amendment concerns identified in Booker are inapplicable to sentence modification proceedings. No possibility exists that a district court would make a factual finding, in such a proceeding, that would raise a defendant's sentence beyond the level justified by a jury's verdict or a defendant's plea. See Rhodes, 549 F.3d at 840.

Rhodes explicitly rejected the Ninth Circuit's reasoning in United States v. Hicks, 472 F.3d 1167 (9th Cir. 2007), on which Defendant relies here. After Booker, Hicks held that to the extent the Guidelines' policy statements restricted the application of § 3582(c)(2), "they must be void." 472 F.3d at 1172. As we explained in Rhodes:

> The problem with the Hicks decision . . . is that it failed to

6

consider that . . . sentence modification proceedings have a different statutory basis than original sentencing proceedings. As a result, the Ninth Circuit erroneously concluded that the remedial portion of the Booker decision, which rendered the guidelines effectively advisory for purposes of original sentencing proceedings, applied to § 3582(c)(2) proceedings as well.[3]

549 F.3d at 841. "Booker simply has no bearing on sentencing modification proceedings conducted under § 3582(c)(2)." Id. at 840. We consequently reject Defendant's second claim.

C.

Defendant also raises a separation of powers attack on § 3582's effective incorporation of the Guidelines commentary found in § 1B1.10. See 18 U.S.C. § 3582(c)(2) (stating that a reduced sentence must be "consistent with applicable policy statements issued by the Sentencing Commission"). Our review of

---

[3] We note that five of our sister circuits have reached the same conclusion. See United States v. Fanfan, 558 F.3d 105, 110 (1st Cir. 2009) ("Booker's rendering of the guidelines as advisory is not controlling in proceedings under § 3582(c)(2), which can only decrease — not increase — the defendant's sentence."); United States v. Cunningham, 554 F.3d 703, 708 (7th Cir. 2009) ("Having chosen to create a modification mechanism, Booker does not require Congress to grant the district courts unfettered discretion in applying it."); United States v. Melvin, 556 F.3d 1190, 1192 (11th Cir. 2009) ("We agree with those circuits that have held that Booker and Kimbrough do not prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission."); United States v. Starks, 551 F.3d 839, 842 (8th Cir. 2009) ("We . . . disagree with the Ninth Circuit . . . and concur with the Tenth Circuit . . . ."); United States v. Dunphy, 551 F.3d 247, 254 (4th Cir. 2009) ("We find the Hicks analysis to be flawed because it fails to consider two marked characteristics of a § 3582(c)(2) proceeding . . . (1) this proceeding allows only for downward adjustment and (2) this proceeding is not a full resentencing hearing.").

Defendant's Motion to Reduce Sentence, however, reveals that Defendant never presented this argument to the district court. We generally refuse to consider arguments that have not been presented to and decided by the district court, see United States v. Duncan, 242 F.3d 940, 950 (10th Cir. 2001), because a party should "not lose in the district court on one theory of the case, and then prevail on appeal on a different theory." United States v. Jarvis, 499 F.3d 1196, 1202 (10th Cir. 2007); see also United States v. Lyons, 510 F.3d 1225, 1238 (10th Cir. 2007) (recognizing that we exercise our discretion to rule on issues raised for the first time on appeal only "in the most unusual circumstances").

Even if we were to exercise our discretion to address this argument, Defendant would not prevail. We recently held in United States v. Dryden, No. 08-3310, __ F.3d __, 2009 WL 1153690, at *2 (10th Cir. April 30, 2009), that § 1B1.10(a)(2)(B)'s requirement that a defendant's guidelines range be lowered before a resentencing proceeding is available under 18 U.S.C. § 3582(c)(2) merely restates a limitation Congress placed in the statute itself. Thus, we reasoned no separation of powers violation could possibly occur. See id. at *3 ("Because the language of U.S.S.G. § 1B1.10(a)(2) challenged by Mr. Dryden as resulting from an unconstitutional delegation of Congressional authority is merely a paraphrase of Congress's own language, his delegation argument fails.").

"Section 3582(c) provides that a court may not modify a term of imprisonment once it has been imposed unless a listed exception applies." Id. at *2. Congress

8

limited the exception in § 3582(c)(2) to cases in which a defendant's "sentencing range . . . has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In <u>Dryden</u>, we explained that the "'lowering' requirement of § 3582(c)(2) is <u>identical</u> to the requirement in U.S.S.G. § 1B1.10(a)(2) that the amendment to the guidelines have the effect of lowering the defendant's applicable guideline range." <u>Dryden</u>, 2009 WL 1153690, at *2 (emphasis added). We consequently rejected Dryden's non-delegation argument. <u>See</u> <u>id.</u> at *3. The same reasoning applies here.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge