**UNITED STATES COURT OF APPEALS**  May 28, 2009

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 08-3336 |
| v. | (D. Kansas) |
| RASHEED JAMAL OLDS, | (D.C. No. 2:95-CR-20086-JWL-1) |
| Defendant - Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL**, and **O'BRIEN**, Circuit Judges.

Rasheed Jamal Olds appeals the denial of his motion under 18 U.S.C.

§ 3582(c)(2) for a reduction in his sentence.  We exercise jurisdiction under

28 U.S.C. § 1291 and affirm.

In 1996 Mr. Olds (who was then known as James Walton) pleaded guilty in

the United States District Court for the District of Kansas to (1) one count of

conspiracy to distribute cocaine and cocaine base and (2) one count of conspiracy

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

to launder money. *See United States v. Walton*, 156 F.3d 1245, *1 (10th Cir. 1998) (unpublished table decision). He was sentenced to life imprisonment.

On November 1, 2007, the United States Sentencing Commission adopted Amendment 706 to its Sentencing Guidelines. *See* USSG supp. to app. C, amend. 706. The amendment reduces by two levels the base offense level assigned to most crack-cocaine quantities. *See id.* After Amendment 706 was made retroactive, *see id.* amend. 713 (Mar. 3, 2008), Mr. Olds filed a motion under § 3582(c)(2) for a reduction in his sentence. The district court denied the motion, observing that at Mr. Olds's original sentencing he had been found responsible for 6.25 kilograms of crack cocaine, an amount corresponding to a base offense level of 38 both before and after Amendment 706. Because the amendment did not lower Mr. Olds's guideline range, the court concluded that it lacked authority to conduct resentencing. The court relied on USSG § 1B1.10(a)(2), a Sentencing Commission policy statement providing that a court is "not authorized" to resentence a defendant on the basis of a retroactive amendment unless it has the "effect of lowering the defendant's applicable guideline range."

On appeal Mr. Olds concedes that Amendment 706 did not lower his guideline range. He contends, however, that the district court violated his Sixth Amendment rights by failing to treat § 1B1.10(a)(2) as merely advisory. He acknowledges that we rejected this argument in *United States v. Rhodes*, 549 F.3d 833 (10th Cir. 2008), and states that he raises it here only to "preserve his ability

to benefit from Supreme Court review of [the] question." Aplt. Br. at 3.

Mr. Olds's only other contention is that § 1B1.10(a)(2) is the product of an

unconstitutional delegation of Congress's authority over the jurisdiction of the

federal courts. We rejected this argument in *United States v. Dryden*,

No. 08-3310, 2009 WL 1153690 (10th Cir. Apr. 30, 2009).

The judgment of the district court is AFFIRMED.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge