FILED
United States Court of Appeals
Tenth Circuit

October 14, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

DELMAR DELANO GARRETT, JR.,

     Defendant-Appellant.

No. 09-6074
(D.Ct. No. 5:00-CR-00025-R-10)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

Before **BARRETT, ANDERSON,** and **BRORBY**, Senior Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Appellant Delmar Delano Garrett, Jr., a federal inmate, appeals the district

court's denial of his motion brought pursuant to 18 U.S.C. § 3582(c)(2) for the

_____
[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

purpose of modifying his sentence based on Amendment 706 to the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. Factual and Procedural Background

On February 16, 2000, a seventy-seven-count federal indictment issued charging thirteen defendants, including Mr. Garrett, with various drug-related offenses, including participation in a drug conspiracy. *See United States v. Garrett*, 402 F.3d 1262, 1263 (10th Cir. 2005). Specifically, the indictment named Mr. Garrett in four counts, including: (1) conspiracy to possess with intent to distribute and to distribute cocaine power, cocaine base (crack cocaine), and phencyclidine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; (2) possession of nine ounces of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); (3) knowingly and intentionally using a communication facility to facilitate the acquisition and distribution of cocaine, in violation of 21 U.S.C. § 843(b); and (4) being a felon in possession of three firearms, in violation of 18 U.S.C. § 922(g)(1). On June 27, 2000, Mr. Garrett pled guilty to possession of nine ounces of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), in exchange for the government's motion to dismiss the remaining claims, including the conspiracy count. *See Garrett*, 402 F.3d at 1263. After accepting his guilty plea, the district court dismissed the remaining counts against

him.

After Mr. Garrett pled guilty, a federal probation officer prepared a presentence report in conjunction with the 1998 Guidelines to determine his recommended sentence. While the offense to which he pled guilty involved the possession of nine ounces of crack cocaine, the probation officer held Mr. Garrett accountable for 6,677.75 grams, or 6.7 kilograms, of crack cocaine which he purchased over a period of time from approximately March 1997 to April 1999. Specifically, the probation officer explained this amount stemmed from crack cocaine Mr. Garrett purchased from numerous suppliers during a common time frame as part of two conspiracies.

Based on Mr. Garrett's possession of over 1.5 kilograms of crack cocaine, the probation officer determined his base offense level was 38 pursuant to § 2D1.1 of the 1998 Guidelines. *See* U.S.S.G. § 2D1.1(c)(1) (1998). The probation officer added a two-level increase for possession of firearms in connection with the offense and another two-level increase for obstruction of justice for threatening and assaulting a confidential source, for a total offense level of 42. A criminal history category of V, together with a total offense level of 42, resulted in a Guidelines range of 360 months to life in prison. *See Garrett*, 402 F.3d at 1264; U.S.S.G. Ch. 5, Pt. A (1998).

Mr. Garrett initially filed objections to the presentence report, including objections for holding him accountable for the crack cocaine he purchased from various suppliers as well as the quantity calculated stemming from such purchases. However, he later withdrew all objections to the presentence report. *See Garrett*, 402 F.3d at 1264. At the government's request, the district court departed downward from the recommended sentencing range of 360 months to life in prison and imposed a sentence of 220 months imprisonment based on Mr. Garrett's cooperation. *See id.* Mr. Garrett did not appeal his conviction or sentence, including application of the 6.7 kilograms of relevant conduct in assessing his base offense level. *See id.*

Thereafter, Mr. Garrett unsuccessfully filed a § 2255 motion to vacate his sentence and petitions for leave to file a successive § 2255 motion. *See Garrett v. United States*, No. 06-6026 (10th Cir. Feb. 13, 2006) (unpublished order) (denying petition to file successive motion); *United States v. Garrett*, 402 F.3d 1262 (10th Cir. 2005) (vacating and remanding on issue of whether counsel was requested to file a notice of appeal); *Garrett v. United States*, No. 03-6182 (10th Cir. Aug. 19, 2003) (unpublished order) (denying petition to file successive § 2255 motion). Following these actions, Mr. Garrett filed the instant motion pursuant to 18 U.S.C. § 3582(c)(2) requesting a reduction of his sentence in conjunction with Amendment 706, which modified the Drug Quantity Table in U.S.S.G. § 2D1.1(c)

-4-

downward two levels for crack cocaine.[1]

Thereafter, the district court appointed Mr. Garrett counsel, who then filed a supplemental brief on March 31, 2009. Counsel argued for a sentence reduction based on the constitutional principles recognized in *United States v. Booker*, 543 U.S. 220 (2005), pointing out a jury did not hear evidence on the drug quantities used to increase Mr. Garrett's sentence. Counsel also asserted the policy statement promulgated by the Sentencing Commission in U.S.S.G. § 1B1.10 unconstitutionally operated as a bar to the district court's exercise of jurisdiction for the purpose of reducing his sentence under *Booker*. While recognizing this court previously rejected this argument, counsel claimed our decisions did not address various distinct legal issues implicated in the Sentencing Commission's promulgation of the policy statement nor reconciled our prior decisions in *United States v. Lee*, 957 F.2d 770 (10th Cir. 1992), and *United States v. Tsosie*, 376 F.3d 1210, 1218 (10th Cir. 2004), which he stated held "policy statements did not carry the same force and effect of laws."

In a one-page order, the district court denied Mr. Garrett's § 3582(c)(2) motion on grounds he did not qualify for a sentence reduction because the 6.7

---

[1] *See* U.S.S.G. Supp. to App. C, Amend. 706 (Reason for Amend.); Amends. 712 and 713 (Mar. 3, 2008 Supp.); U.S.S.G. § 1B1.10(a)(2) (2008).

kilograms of crack cocaine for which he was accountable exceeded 4.5 kilograms, thus rendering him ineligible for relief.  In addition, it held *Booker* had no application to a § 3582(c)(2) sentence modification proceeding.

## II.  Discussion

Mr. Garrett now appeals the denial of his motion for a reduction of his sentence, claiming the district court erred as a matter of law in summarily denying him relief pursuant to 18 U.S.C. § 3582(c)(2).  In making this assertion, Mr. Garrett raises the same arguments raised before the district court, claiming the Sentencing Commission policy statement in § 1B1.10 cannot limit the district court's jurisdiction and that the principles announced in *Booker* should apply once a court's jurisdiction is invoked under § 3582(c).  In so doing, he acknowledges that in *United States v. Rhodes*, 549 F.3d 833, 840 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 2052 (2009), we held *Booker* does not apply to sentence modification proceedings conducted under § 3582(c)(2) but claims this court "failed to recognize the continuing impact of the remedial opinion in *Booker*" or to "address several critical, distinct legal issues implicated in the Sentencing Commissions's promulgation of policy statements and the limited impact of those statements on the jurisdiction of the court."  He also recognizes that in *United States v. Dryden*, 563 F.3d 1168, 1170 (10th Cir. 2009), *cert. denied*, ___ S. Ct. ___, 2009 WL 2495975 (U.S. Oct. 5, 2009) (No. 09-5764), we construed the current policy

-6-

statement in § 1B1.10 as simply a restatement of Congressional direction but claims *Dryden* did not address the critical distinction between a statute and a policy statement.

In addressing Mr. Garrett's appeal, "'[w]e review de novo the district court's interpretation of a statute or the sentencing guidelines.'" *United States v. Brown*, 556 F.3d 1108, 1111 (10th Cir. 2009) (quoting *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997)), *cert. denied*, ___ S. Ct. ___, 2009 WL 1981863 (U.S. Oct. 5, 2009) (No. 09-5145). "We review for an abuse of discretion a district court's decision to deny a reduction in sentence under 18 U.S.C. § 3582(c)(2)." *Id.* (relying on *United States v. Dorrough*, 84 F.3d 1309, 1311 (10th Cir. 1996)).

Applying our standard of review, we turn to the relevant part of § 3582, on which Mr. Garrett brought his motion for a reduction of sentence and the district court relied in denying his motion. It states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on *a sentencing range that has subsequently been lowered by the Sentencing Commission* pursuant to 28 U.S.C. [§] 994(o), ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable*, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(2) (emphasis added). In November 2007, the Sentencing

Commission lowered crack cocaine sentences by promulgating Amendment 706 to the Guidelines, which became retroactive in March 2008. *See* U.S.S.G. Supp. to App. C, Amend. 706 (Reason for Amend.); Amends. 712 and 713 (Mar. 3, 2008 Supp.); U.S.S.G. § 1B1.10(a)(2) (2008). Amendment 706 modified the drug quantity thresholds in U.S.S.G. § 2D1.1(c), thereby lowering the sentencing range so that "[c]rack cocaine offenses for quantities above and below the mandatory minimum threshold quantities ... [were] adjusted downward by two levels." U.S.S.G. Supp. to App. C, Amend. 706 at 230 (Reason for Amend.). As a result, instead of 1.5 or more kilograms of crack cocaine resulting in an offense level of 38, the revised amount requires 4.5 or more kilograms of crack cocaine for an offense level of 38. *See* U.S.S.G. § 2D1.1(c)(1) (2008). Following Amendment 706, another amendment, Amendment 712, was promulgated by the Sentencing Commission, which amended § 1B1.10 and resulted in limiting reduction of a sentence by amendment by providing, in part: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if ... an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." *See* U.S.S.G. § 1B1.10(a)(2)(B) (2008); *see also* Amend. 712 at 50-51 (March 3, 2008 Supp.).

Applying these provisions to the circumstance presented, it is clear

retroactive application of a two-level reduction under Amendment 706 does not apply here. As the district court indicated, Mr. Garrett does not qualify for a sentence reduction because the 6.7 kilograms of crack cocaine for which he was accountable render him ineligible for relief. Moreover, the retroactive application of a two-level reduction to his base offense level of 38, down to a level of 36, when combined with his four-level upward adjustment for possession of firearms and obstruction of justice, results in a total offense level of 40, which, together with his criminal history category of V, continues to result in a sentencing range of 360 months to life imprisonment under the current Guidelines. *See* U.S.S.G. § 2D1.1(c)(1) (2008) *and* Ch. 5, Pt. A (2008). Thus, the applicable Guidelines range would be the same as it was at the time of his sentencing. As a result, "a reduction" in Mr. Garrett's term of imprisonment "is not consistent with [the] policy statement [in § 1B1.10] and therefore is not authorized under 18 U.S.C. § 3582(c)(2)" because a two-level reduction in the offense level under Amendment 706, as listed in § 1B1.10(c), "does not have the effect of lowering [his] applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B) (2008). As the government points out, while Mr. Garrett is not eligible for such a reduction, he retains the benefit of a below-Guidelines-range sentence of 220 months imprisonment which the district court imposed at sentencing.

We next address Mr. Garrett's argument U.S.S.G. § 1B1.10 violates the

Constitution because the Sentencing Commission cannot deny jurisdiction to Article III courts and, therefore, the principles announced in *Booker* should apply once a court's jurisdiction is invoked under § 3582(c). To begin, as the Supreme Court pointed out in *Booker*, the Sentencing Commission "is an independent agency that exercises policymaking authority delegated to it by Congress" and Congress' delegation of authority to that Commission to promulgate Guidelines does not violate the separation of powers principles or otherwise exceed Congress' powers. *See* 543 U.S. at 242-43. More specifically, after severing and excising 18 U.S.C. §§ 3553(b)(1) and 3742(e) of the Sentencing Act, the *Booker* Court determined "[t]he remainder of the Act satisfies the Court's constitutional requirements" which it listed as being "(1) constitutionally valid ..., (2) capable of functioning independently ..., and (3) consistent with Congress' basic objectives in enacting the statute ...." *Id.* at 258-59 (quotation marks and citations omitted). Of course, the remainder of the Sentencing Act to which the *Booker* Court referred includes § 3582(c).

In *United States v. Price*, we held "a district court is authorized to modify a defendant's sentence only in specified instances where Congress has *expressly* granted the court jurisdiction to do so" and explained that by the very terms of § 3582(c)(2), "the court only has authority to modify a sentence when the range has been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§]

994(o)." 438 F.3d 1005, 1006-07 (10th Cir. 2006) (quotation marks and citation omitted). In *Dryden*, we rejected an argument similar to Mr. Garrett's that the Sentencing Commission's policy statement in § 1B1.10(a)(2) impermissibly limited the district court's jurisdiction to reduce a sentence under § 3582(c)(2). *See* 563 F.3d at 1170. We held the language in § 3582(c)(2), stating that a court may reduce the term of imprisonment when "*a sentencing range ... has subsequently been lowered by the Sentencing Commission* pursuant to 28 U.S.C. [§] 994(o)," places a statutory limitation on resentencing and "is identical to the requirement in U.S.S.G. § 1B1.10(a)(2) that the amendment to the guidelines have the effect of lowering the defendant's applicable guideline range." *Id.* at 1170-71 (quotation marks and citation omitted). Finally, in *Rhodes*, we explained the principles announced in *Booker* concerning 18 U.S.C. § 3553 applied only to original sentences, and not to proceedings under § 3582(c)(2). *See* 549 F.3d at 840. We find the principles in *Rhodes*, *Dryden*, and *Price* fully dispositive of Mr. Garrett's arguments and further note "we are bound by the precedent of prior panels." *Dryden,* 563 F.3d at 1171 n.1 (quotation marks and citation omitted).

Applying these principles to the case presented here, it is clear § 1B1.10(a)(2)(B) does not impermissibly define and limit a district court's authority to reduce a sentence under § 3582(c). In this case, it prohibited a reduction in Mr. Garrett's term of imprisonment because Amendment 706, as

-11-

listed in § 1B1.10(c), "does not have the effect of lowering [his] applicable guideline range." Moreover, because *Booker* is not applicable to § 3582(c)(2) proceedings, it is also not applicable here. For these reasons, Mr. Garrett cannot prevail on his constitutional and *Booker* arguments.

## III. Conclusion

For the foregoing reasons, we **AFFIRM** the district court's order denying Mr. Garrett's motion filed pursuant to 18 U.S.C. § 3582(c)(2).

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge