FILED
United States Court of Appeals
Tenth Circuit

February 10, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JASON ALONZO CARRELL,

      Defendant - Appellant.

No. 09-2103
(D.C. No. 05-CR-01484-MCA-1)
(D.N.M.)

---

ORDER AND JUDGMENT[*]

---

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.[**]

---

Defendant-Appellant Jason Alonzo Carrell appeals from the denial of his

motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). The district court

determined that although amendments to the United States Sentencing Guidelines

(U.S.S.G.) lowered certain base offense levels for crack cocaine offenses, Mr.

Carrell was not eligible for resentencing because he was sentenced as a career

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

offender. 1 R. at 68-69. Mr. Carrell's appointed appellate counsel filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738, 744 (1967), and moved to withdraw. The record indicates that the <u>Anders</u> brief and notice of the motion to withdraw were served on Mr. Carrell. He filed a response, requesting the court to consider the arguments he presented in the district court, which we considered fully. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). For the reasons set forth below, we dismiss the appeal and grant counsel's motion to withdraw.

## Background

On October 12, 2006, Mr. Carrell pled guilty to possessing five grams or more of cocaine base (crack) with intent to distribute, in violation of 21 U.S.C. §§ 841(b)(1)(A) and (b)(1)(B). 1 R. at 7-8. Mr. Carrell's initial base offense level was 34 under the career offender guideline, U.S.S.G. § 4B1.1. 2 R. at 11-12. However, the court reduced his offense level by two levels based on his diminished capacity. 2 R. at 56. After an additional adjustment of three levels for acceptance of responsibility, Mr. Carrell's total offense level was 29. 2 R. at 12. When combined with a criminal history category of VI, mandated by U.S.S.G. § 4B1.1, Mr. Carrell's guideline range was 151-188 months. 2 R. at 56. The district court then varied downward pursuant to 18 U.S.C. § 3553(a), arriving at a sentence of 140 months, eleven months lower than the low end of the

sentencing range. 1 R. at 18; 2 R. at 58. On July 31, 2007, the district court sentenced Mr. Carrell to 140 months of imprisonment on this charge, and 120 months on a separate felon-in-possession charge, to be served concurrently, followed by five years' supervised release. 1 R. at 18-19.

Subsequently, the United States Sentencing Commission reduced the offense level applicable to most crack cocaine offenses by two levels. See U.S. Sentencing Guidelines Manual app. C, amend. 706 (Supp. May 1, 2008) (revising crack cocaine guidelines); U.S. Sentencing Guidelines Manual app. C, amend. 713 (Supp. May 1, 2008) (making Amendment 706 retroactive). Mr. Carrell then moved for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2). 1 R. at 23-49. The district court denied relief, 1 R. at 68-69, and Mr. Carrell appeals, 1 R. at 70.

Mr. Carrell's appointed appellate counsel filed an Anders brief, suggesting that no meritorious issues existed for appeal because of our clear precedent, and moved to withdraw. Anders Br. at 7. The government notified the court of its intent not to file an answer brief given the lack of meritorious issues. On August 31, 2009, we informed Mr. Carrell that he could respond to his counsel's brief. See 10th Cir. R. 46.4(B)(2).

In his response, Mr. Carrell requests the court to consider the arguments he presented in the district court. Aplt. Response at 1. Mr. Carrell previously argued that although he was sentenced as a career offender, his sentence should

be reduced under § 3582(c)(2) based on retroactive application of the crack cocaine amendments. 1 R. at 25, 29. He contended that under Booker and later cases, the district court must treat the Guidelines as advisory upon resentencing under § 3582(c)(2). 1 R. at 27, 41. He also requested a hearing. 1 R. at 48-49.

"We review de novo the district court's interpretation of a statute or the sentencing guidelines. We review for an abuse of discretion a district court's decision to deny a reduction in sentence under 18 U.S.C. § 3582(c)(2)." United States v. Sharkey, 543 F.3d 1236, 1238 (10th Cir. 2008). Because this case is not a direct appeal or an appeal from the denial of § 2255 relief, Mr. Carrell's motion for reduction of sentence depends only on § 3582(c)(2). See id. at 1238. Section 3582(c)(2) permits a court to reduce a sentence if the sentencing range has been lowered by the Sentencing Commission.

Mr. Carrell's sentence is not based on a sentencing range that has been lowered. As we held in Sharkey, "Amendment 706 ha[s] no effect on the career offender guidelines in § 4B1.1" and therefore a reduction in sentence is not authorized under § 3582(c)(2). Id. at 1239. Furthermore, Sharkey rejected the argument that the Booker line of cases provides a separate basis for relief under § 3582(c)(2). Id.; see also United States v. Rhodes, 549 F.3d 833, 840 (10th Cir. 2008), cert. denied, 129 S. Ct. 2052 (2009) (concluding "that Booker simply has no bearing on sentencing modification proceedings conducted under § 3582(c)(2)").

- 4 -

Mr. Carrell urges us to revisit these holdings. 1 R. at 27-29. We, however, "are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." United States v. Mitchell, 518 F.3d 740, 752 n.14 (10th Cir. 2008).

Similarly, this court has repeatedly found without merit the argument that the Sentencing Commission's policy statements are not binding because they represent an unconstitutional restriction on the jurisdiction of an Article III court. United States v. Dryden, 563 F.3d 1168, 1171 (10th Cir. 2009); 1 R. at 27. The policy statements of § 1B1.10(a)(2) are "merely a paraphrase of Congress's own language" contained in 18 U.S.C. § 3582 limiting a sentence reduction to cases in which a defendant's sentencing range has been lowered by the Sentencing Commission. Dryden, 563 F.3d at 1171.

In Anders, the Supreme Court held that if appointed counsel "finds his [client's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744. Counsel must submit to the court a brief addressing "anything in the record that might arguably support the appeal." Id. When counsel submits an Anders brief accompanied by a motion to withdraw, we "conduct a full examination of the record to determine whether defendant's claims are wholly frivolous." United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005). If we concur in counsel's evaluation of the case, we may grant the request to withdraw. Anders, 386 U.S.

at 744.

After reviewing the record, we agree with counsel's assessment that no meritorious issues exist on appeal. Because Mr. Carrell's status as a career offender determined his sentence, Amendment 706 did not lower his applicable guidelines range. No hearing would aid him. The district court properly concluded that it lacked authority under § 3582(c)(2) to reduce Mr. Carrell's sentence.

APPEAL DISMISSED. Counsel's motion to withdraw is GRANTED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge