HARTZ, Circuit Judge,
concurring:
I agree with the majority opinion that Mr. White is not eligible for resentencing and that this result is quite unfortunate. I would reach the result, however, on a slightly different path. In light of Freeman v. United States, — U.S.—, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011), I am not as confident as the majority that Mr. White’s sentence was not “based on” the abrogated crack-cocaine guideline. But even if it was “based on” that guideline, Mr. White is barred from relief under 18 U.S.C. § 3582(c)(2), which requires that any reduction in sentence be “consistent with applicable policy statements issued by the Sentencing Commission.” The Sentencing Commission’s policy statement in USSG § lB1.10(a)(2)(B) states that a reduction is permissible only if the retroactive guideline change “lower[s] the defendant’s applicable guideline range”; and application note 1(A) to § 1B1.10 makes explicit that the applicable guideline range is the range based on the defendant’s offense level and criminal-history category before any departure or variance.
Although this court has opinions indicating that § lB1.10(a)(2)(B) does no more than paraphrase § 3582(c)(2), see United States v. Darton, 595 F.3d 1191, 1194 (10th Cir.2010); United States v. Dryden, 563 F.3d 1168, 1170-71 (10th Cir.2009), the statements in those opinions are based on an interpretation of the statute that predates, and may be inconsistent with, Freeman. To the extent that the majority opinion is contrary to Freeman, what we *1251 said in Darton and Dryden is undermined. I see no merit to Mr. White’s contentions that the above interpretation of the guidelines and application note is absurd (even if its application here is troublesome) or is contrary to either § 3582(c)(2) or constitutional principles of nondelegation and separation of powers. I would note, however, that if the Sentencing Commission shares this panel’s view of the unfairness of the result here, it can change its policy statement and make it retroactive.