FILED
United States Court of Appeals
Tenth Circuit

May 14, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

KEVIN PETTIES,

    Defendant-Appellant.

No. 08-2227

(D.C. No. CR-97-0638-JEC)
(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY, BRISCOE,** and **HARTZ**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Kevin Petties pleaded guilty to participating in a conspiracy to distribute cocaine base ("crack"). The district court sentenced Petties to 210 months'

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

imprisonment and 10 years' supervised release. After the 2007 amendment of the crack-related Sentencing Guidelines, the district court modified Petties's sentence to 168 months' imprisonment. Petties now appeals his modified sentence, challenging the district court's denial of his request for a sentence below the amended Sentencing Guidelines range. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

I

A federal grand jury indicted Petties and eleven co-defendants on eighteen counts of drug-related crimes. Petties pleaded guilty to one count of conspiracy to possess with intent to distribute fifty grams or more of crack within 1000 feet of a school in violation of 21 U.S.C. § 846, 841(a)(1), (b)(1)(A)(iii), and 860(a). After Petties entered his plea, a probation officer prepared a presentence report ("PSR"). The PSR listed a base offense level of 35, a 2-level enhancement for Petties's role as a leader in the criminal activity, and a 3-level reduction for Petties's acceptance of responsibility and timely providing authorities with information concerning his involvement in the offense. Petties's recommended offense level was 34. With a criminal history category of IV, Petties's Sentencing Guidelines range was 210 to 262 months' imprisonment. The district court adopted the recommendations in the PSR and sentenced Petties to 210 months' imprisonment and 10 years' supervised release.

On November 1, 2007, the United States Sentencing Commission

promulgated Amendment 706, which amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c). U.S.S.G. App. C, Amed. 706 (2007). Amendment 706 provided a 2-level reduction in base offense levels for crack-related offenses. Id. On December 11, 2007, the Sentencing Commission promulgated Amendments 712 and 713, which, together, operated to make Amendment 706 retroactive. Amendments 712 and 713 became effective on March 3, 2008.

Petties filed a pro se motion requesting a reduction of his sentence under 18 U.S.C. § 3582(c)(2). Petties requested a sentence of 168 months' imprisonment. The government filed a response to Petties's motion, indicating that it did not object to a modified sentence within the revised Sentencing Guidelines range of 168 to 210 months' imprisonment; the government objected to any sentence less than 168 months' imprisonment.

On August 18, 2008, the district court held a resentencing hearing. Petties's counsel requested a sentence of 135 months' imprisonment because Petties "has been an absolute model prisoner." R. Vol. III at 16. Without addressing Petties's argument or any response from the government, the district court stated that the matter came "before the Court for sentencing pursuant to motion by the defendant in accordance with 18 United States Code Section 3582(c)(2). . . . The Court . . . reviewed the [PSR] factual findings and . . . considered the sentencing applications and the factors set forth in 18 United States Code 3553(a)(1) through (7)." Id. at 17. The district court calculated

3

Petties's amended offense level to be 32, with a Sentencing Guidelines range of 168 to 210 months' imprisonment. The district court then modified Petties's sentence by reducing his term of imprisonment to 168 months.

## II

On appeal, Petties argues that the district court erred by assuming that it lacked "the authority to impose a sentence that is less than the minimum of the amended guideline range based on U.S.S.G. § 1B1.10(b)(2)(A), because the sentencing hearing was pursuant to 18 U.S.C. § 3582(c)(2) . . . ." Aplt. Br. at 5. Because the issue presented raises a question of law, we review de novo the scope of a district court's resentencing authority under § 3582(c)(2). United States v. Rhodes, 549 F.3d 833, 837 (10th Cir. 2008), cert. denied, No. 08-8318, 2009 WL 178619, at *1 (Apr. 27, 2009).

Petties argues that the district court improperly considered itself bound by U.S.S.G. § 1B1.10, and consequently assumed it lacked authority to sentence him to less than the minimum of the amended Sentencing Guidelines range. Petties contends these assumptions contradict United States v. Booker, 543 U.S. 220 (2005). As Petties acknowledges, we rejected this argument in Rhodes. 549 F.3d at 840 ("[W]e conclude that Booker simply has no bearing on sentencing modification proceedings conducted under § 3582(c)(2)."). Although Petties argues that "[t]he reasoning of Rhodes is flawed," Aplt. Br. at 9, "this panel cannot overturn the decision of another panel of this court barring en banc

4

reconsideration, a superseding contrary Supreme Court decision, or authorization of all currently active judges on the court." United States v. Edward J., 224 F.3d 1216, 1220 (10th Cir. 2000) (quotation omitted).

Petties also contends that this court erred in Rhodes by reading 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 to limit the district court's discretion when resentencing a defendant under § 3582(c)(2). Section 3582(c)(2) provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added). Section 1B1.10 of the U.S.S.G. sets forth the applicable policy statements from the Sentencing Commission: "[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range . . . ." U.S.S.G. § 1B1.10(b)(2)(A). In Rhodes, we read § 1B1.10 to be binding on district courts, concluding that district courts "lack[] the authority to impose a modified sentence that [falls] below the amended guideline range." 549 F.3d at 841. Therefore, a reduction in sentence below the amended sentencing guidelines range at a § 3582 sentence modification proceeding is impermissible because it would be inconsistent with the policy

5

statement in § 1B1.10.

Petties argues that this conclusion overlooks the Supreme Court's instruction that a policy statement from the Sentencing Commission cannot violate a court's statutory or constitutional sentencing obligations. Aplt. Br. at 10 (citing Stinson v. United States, 508 U.S. 36, 38 (1993)). Because the relevant statute, 18 U.S.C. § 3582(c)(2), explicitly references the applicability of Sentencing Commission policy statements, the policy statement does not violate the controlling statute. The only constitutional rights Petties identifies are Sixth Amendment rights defined in Booker. Rhodes, however, clarified that Booker is not applicable to sentence modification proceedings held pursuant to § 3582(c)(2). 549 F.3d at 840. Thus, the relevant policy statement does not violate any identified statutory or constitutional obligation.

### III

We conclude that the district court properly resentenced Petties under 18 U.S.C. § 3582(c)(2) and denied his request for a sentence below the amended guideline range.

Affirmed.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

6