FILED
United States Court of Appeals
Tenth Circuit

November 25, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

TONY LAMAR BURRIS,

     Defendant - Appellant.

No. 09-6046
(D.C. No. 03-CR-00213-R-1)
(W.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before **KELLY**, **SILER**[**], and **TYMKOVICH**, Circuit Judges.[***]

---

Defendant-Appellant Tony Lamar Burris appeals from the denial of his

motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). The district court

determined that although amendments to the United States Sentencing Guidelines

(U.S.S.G.) lowered certain base offense levels for crack cocaine offenses, Mr.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] The Honorable Eugene E. Siler, Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

[***] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Burris was not eligible for resentencing because he was sentenced as a career offender. 1 R. Doc. 154 at 1-2. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Background

On February 5, 2004, Mr. Burris pled guilty to possession of 50 grams or more of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2(a). 2 R. at ¶ 1-2. Mr. Burris was considered accountable for 567 grams of cocaine base (crack), resulting in a base offense level of 36, pursuant to U.S.S.G. § 2D1.1. 2 R. at ¶ 13, 24. However, because Mr. Burris had at least two prior felony drug convictions, he qualified as a career offender under U.S.S.G. § 4B1.1, which resulted instead in a higher base offense level of 37. 2 R. at ¶ 32, 69. After an adjustment for acceptance of responsibility, Mr. Burris's total offense level was 34. 2 R. at ¶¶ 33, 34. When combined with a criminal history category of VI, mandated by U.S.S.G. § 4B1.1, Mr. Burris's guideline range was 262-327 months. 2 R. at ¶ 69. The district court sentenced Mr. Burris to 262 months of imprisonment, the low end of the guidelines range, followed by five years' supervised release. 1 R. Doc. 97.

Subsequently, the United States Sentencing Commission reduced the offense level applicable to most crack cocaine offenses by two levels. See U.S. Sentencing Guidelines Manual app. C, amend. 706 (Supp. May 1, 2008) (revising

crack cocaine guidelines);  U.S. Sentencing Guidelines Manual app. C, amend.

713 (Supp. May 1, 2008) (making Amendment 706 retroactive).  Mr. Burris then

moved for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2).  1 R.

Doc. 140.  The district court denied relief, 1 R. Doc. 154, and Mr. Burris

appealed, 1 R. Doc. 155.

Mr. Burris argues that although he was sentenced as a career offender, his

sentence should be reduced under § 3582(c)(2) based on retroactive application of

the crack cocaine amendments.  Aplt. Br. at 5-7.  Also, he contends that under

Booker and later cases, the district court must treat the Guidelines as advisory

upon resentencing under § 3582(c)(2).  Aplt. Br. at 9.

We review de novo the district court's interpretation of a statute or the

sentencing guidelines.  We review for an abuse of discretion a district court's

decision to deny a reduction in sentence under 18 U.S.C. § 3582(c)(2).  United

States v. Sharkey, 543 F.3d 1236, 1238 (10th Cir. 2008) (citation and quotation

marks omitted).  Because this case is not a direct appeal or an appeal from the

denial of § 2255 relief, Mr. Burris's motion for reduction of sentence depends

only on § 3582(c)(2).  See Sharkey, 543 F.3d at 1238.  Section 3582(c)(2) permits

a court to reduce a sentence if the sentencing range has been lowered by the

Sentencing Commission.

Mr. Burris's sentence, however, is not based on a sentencing range that has

been lowered.  As we held in Sharkey, "Amendment 706 ha[s] no effect on the

career offender guidelines in § 4B1.1" and therefore a reduction in sentence is not authorized under § 3582(c)(2). Sharkey, 543 F.3d at 1239. Furthermore, Sharkey rejected the argument that the Booker line of cases provides a separate basis for relief under § 3582(c)(2). Sharkey, 543 F.3d at 1239; see also United States v. Rhodes, 549 F.3d 833, 840 (10th Cir. 2008), cert. denied, 129 S. Ct. 2052 (2009) (concluding "that Booker simply has no bearing on sentencing modification proceedings conducted under § 3582(c)(2)").

Despite acknowledging Sharkey and Rhodes, Mr. Burris urges us to revisit these cases. Aplt. Br. at 6-17. We, however, are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court. United States v. Mitchell, 518 F.3d 740, 752 n.14 (10th Cir. 2008).

Similarly, this court already found without merit the argument that the Sentencing Commission's policy statements are not binding because they represent an unconstitutional restriction on the jurisdiction of an Article III court. United States v. Dryden, 563 F.3d 1168, 1171 (10th Cir. 2009); Aplt. Br. at 13-15. The policy statements of § 1B1.10(a)(2) are "merely a paraphrase of Congress's own language" contained in 18 U.S.C. § 3582 limiting a sentence reduction to cases in which a defendant's sentencing range has been lowered by the Sentencing Commission. Id.

Because Mr. Burris's status as a career offender determined his sentence,

- 4 -

Amendment 706 did not lower his applicable guidelines range.  The district court properly concluded that it lacked authority under § 3582(c)(2) to reduce Mr. Burris's sentence.

AFFIRMED.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge