FILED
United States Court of Appeals
Tenth Circuit

January 5, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ALBERT EARL BOLDEN, JR.,

Defendant-Appellant.

No. 09-6066

(W.D. of Okla.)

(D.C. No. 5:99-CR-00059-L-1)

---

ORDER AND JUDGMENT[*]

---

Before **KELLY**, **SILER**[**], and **TYMKOVICH**, Circuit Judges.

---

Albert Earl Bolden, Jr., a federal prisoner, appeals the district court's ruling

that it lacks the authority to resentence him under 18 U.S.C. § 3582(c)(2) to a

term of imprisonment below the amended guideline range.[1]  This court has

---

[*]  This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**]  The Honorable Eugene E. Siler, United States Circuit Judge, Sixth Circuit, sitting by designation.

[1] Recently, the court has addressed a number of appeals relating to Amendment 706 of the United States Sentencing Guidelines.  This decision's reasoning and holding are consistent with our determinations in those other "crack cases."  In particular, see: *United States v. Williams*, No. 09-6053, --- WL --- (---); *United States v. Chatman*, No. 09-6078, --- WL --- (---); *United States v. Burris*, No. 09-6046, 2009 WL 4071833 (Nov. 25, 2009); and *United States v.*

(continued...)

jurisdiction pursuant to 28 U.S.C. § 1291. We AFFIRM the decision of the district court.

## I. Background

In 1999, a jury found Bolden guilty of various crimes relating to crack cocaine, and, in 2000, he was sentenced to 360 months' imprisonment. Bolden's sentence was calculated in accordance with the 1998 edition of the Sentencing Guidelines and reflected a total offense level of 38 and a criminal history category of VI.

Amendment 706 to the Sentencing Guidelines, effective November 1, 2007, reduced by two levels the base offense level associated with each enumerated quantity of crack cocaine set forth in USSG § 2D1.1. *See United States v. Rhodes*, 549 F.3d 833, 835 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 2052 (2009). Subsequently, Amendment 706 was made retroactive. *See id.*

In 2009, based on Amendment 706 and pursuant to § 3582(c)(2), Bolden filed a motion to have his sentence reduced. The district court granted the motion in part. Application of Amendment 706 lowered Bolden's total offense level to 36, which, in turn, decreased the applicable guideline range. In accordance with the amended guideline range, the district court resentenced Bolden to 324 months' imprisonment.

---

[1](...continued)
*Hodge*, No. 09-6062, 2009 WL 4071832 (Nov. 25, 2009).

The district court denied Bolden's motion for a reduced sentence insofar as it requested imposition of a term of imprisonment below the amended guideline range. Citing *United States v. Rhodes*, the district court held that it lacked the authority to impose such a sentence.

## II. Discussion

The district court's determination of its authority to modify a sentence under § 3582(c)(2) is reviewed de novo, *see Rhodes*, 549 F.3d at 837, as is the district court's interpretation of a statute or the Sentencing Guidelines, *see United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008).

In a series of cases, we have rejected Bolden's contention that he is entitled under Amendment 706 to a further reduction in his sentence. Our precedent is clear that § 3582 resentencings are not eligible for discretionary reductions below the amended guideline range, and that the advisory provisions of *United States v. Booker*, 543 U.S. 220 (2005), do not apply to § 3582(c)(2) proceedings. *See Rhodes*, 549 F.3d at 840–41. In *Rhodes*, we recognized:

> [T]he Sixth Amendment concerns that gave rise to the *Booker* decision will not be replicated in sentence modification proceedings. Given the narrow scope of sentence modification proceedings, there is no concern that a district court in such a proceeding will make factual findings that in turn will raise a defendant's sentence beyond the level justified by 'the facts established by a plea of guilty or a jury verdict. . . .' Indeed, a district court in a sentence modification proceeding is authorized only to 'reduce the [originally imposed] term of imprisonment,' not to increase it. As a result, we conclude that *Booker* simply has no bearing on sentencing modification proceedings conducted under § 3582(c)(2).

*Rhodes*, 549 F.3d at 840. "After our holding in *Rhodes*, [the] argument that *Booker* and the Sixth Amendment mandate discretion to impose a below-guidelines sentence at resentencing has been settled: they do not." *United States v. Pedraza*, 550 F.3d 1218, 1220 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 2406 (2009); *see also United States v. Gaines*, 2009 WL 3059067, at *4 (10th Cir. Sept. 25, 2009) ("We have [] repeatedly rejected the notion that the principles informing *Booker* have any role in a sentencing modification proceeding under § 3582(c)(2)."); *United States v. Harris*, 2009 WL 2837529, at *3 (10th Cir. Sept. 4, 2009) ("*Kimbrough*[ *v. United States*, 552 U.S. 85 (2007),] does not provide a separate basis for relief under § 3582(c)(2)."); *accord United States v. Melvin*, 556 F.3d 1190 (11th Cir. 2009) ("Concluding that *Booker* and *Kimbrough* do not apply to § 3582(c)(2) proceedings, we hold that a district court is bound by the limitations on its discretion imposed by § 3582(c)(2) and the applicable policy statements by the Sentencing Commission."), *cert. denied*, 129 S. Ct. 2382 (2009).

We have also ruled that the policy statement applicable to § 3582(c)(2) does not impermissibly vest the Sentencing Commission with the power to determine which cases the federal courts have jurisdiction to consider. *See United States v. Dryden*, 563 F.3d 1168, 1170 (10th Cir. 2009) (considering § 1B1.10(a)(2)(B)), *cert. denied*, 130 S. Ct. 311 (2009). Specifically,

-4-

§ 1B1.10(b)(2)(A) does not violate the federal courts' statutory or constitutional sentencing obligations, because § 3582(c)(2) "explicitly references the applicability of Sentencing Commission policy statements." *United States v. Petties*, 327 F. App'x 786, 788 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 329 (2009). Accordingly, because § 1B1.10(b)(2)(A) clearly indicates that sentencing courts shall not impose sentences below the amended guideline range, and because that policy statement is binding on district courts pursuant to § 3582(c)(2), district courts lack the authority to impose modified sentences that fall below the amended guideline range. *See Rhodes*, 549 F.3d at 841.[2]

---

[2] Similarly, in *United States v. Savoy*, the Second Circuit stated:

> We are bound by the language of this policy statement because Congress has made it clear that a court may reduce the terms of imprisonment under § 3582(c) only if doing so is consistent with applicable policy statements issued by the Sentencing Commission. We therefore join the majority of circuits and hold that district courts lack the authority when reducing a sentence pursuant to § 3582(c)(2) to reduce that sentence below the amended Guidelines range. . . .

567 F.3d 71, 74 (2d Cir. 2009) (internal punctuation omitted), *cert. denied*, 130 S. Ct. 342 (2009); *see also United States v. Fanfan*, 558 F.3d 105, 110 (1st Cir. 2009), *cert. denied*, 130 S. Ct. 99 (2009); *United States v. Doe*, 564 F.3d 305, 313 (3d Cir. 2009), *cert. denied*, 130 S. Ct. 563 (2009); *United States v. Dunphy*, 551 F.3d 247, 251–56 (4th Cir. 2009), *cert. denied*, 129 S. Ct. 2401 (2009); *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 517 (2009); *United States v. Washington*, 584 F.3d 693, 696–701 (6th Cir. 2009); *United States v. Cunningham*, 554 F.3d 703, 705–09 (7th Cir. 2009), *cert. denied*, 129 S. Ct. 2826 (2009); *but see United States v. Hicks*, 472 F.3d 1167, 1169 (9th Cir. 2007).

The district court thus did not err in concluding that it lacked the authority to resentence Bolden below the amended guideline range. Bolden suggests that our decisions—namely, *Rhodes*, *Pedraza*, and *Petties*—concerning the relationship between § 3582(c)(2), § 1B1.10, and district courts' resentencing authority were incorrectly decided. Bolden points to *Spears v. United States*, 129 S. Ct. 840 (2009), and *Nelson v. United States*, 129 S. Ct. 890 (2009) to support the position that the discretion *Booker* accorded district courts in imposing original sentences applies to resentencings as well. Bolden also contends that we have not adequately taken into account the Sentencing Reform Act's legislative history or the differences between guidelines and policy statements.

Neither *Spears* nor *Nelson* dealt with resentencing under § 3582(c). Rather, they concerned initial sentencings. We have previously noted that, while *Booker* excised statutory provisions mandating that judges impose within-guidelines sentences in original sentencings, it did not touch § 3582(c)(2) proceedings. *See Pedraza*, 550 F.3d at 1220. "A resentencing proceeding is an entirely different animal that does not implicate the Sixth Amendment concerns that drove the *Booker* remedy." *Id.* The Supreme Court's holdings in *Spears* and *Nelson*, therefore, do not support extending *Booker* to § 3582(c)(2) proceedings and finding that district courts have authority to resentence below the amended

guideline range. Bolden does not identify, and a careful reading does not reveal,

any language from *Spears* and *Nelson* that necessitates a different conclusion.[3]

Bolden's reliance on legislative history is similarly misplaced.

"[L]egislative history is often murky, ambiguous, and contradictory, and [the

court] should resort to it only when a statute's plain language is unclear." *Ford v.*

*Ford Motor Credit Corp.*, 574 F.3d 1279, 1293 (10th Cir. 2009) (internal

quotation marks and citation omitted). Section 3582(c)(2)'s language is not

ambiguous with regard to the limiting effect of policy statements. The statute

expressly states that a sentencing reduction is allowed, "if such a reduction is

consistent with applicable policy statements issued by the Sentencing

Commission." 18 U.S.C. § 3582(c)(2). Furthermore, the legislative history of the

Sentencing Reform Act that Bolden cites does not discuss § 3582(c)(2), let alone

the specific language at issue. In short, the language of the statute is

unambiguous and reference to legislative history is unwarranted—Bolden's

legislative-history argument does not support the conclusion that district courts

may resentence below the amended guideline range.

---

[3] Moreover, overturning this court's prior precedent requires either an intervening en banc decision of this court or a superseding contrary decision by the Supreme Court. *See In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993). We are aware the Supreme Court recently announced it will review resentencing next year in *Dillon v. United States*, --- S. Ct. --- 2009 WL 2899562 (Dec. 7, 2009) (granting certiorari).

Bolden also asserts, based on *United States v. Lee*, 957 F.2d 770 (10th Cir. 1992), and *United States v. Tsosie*, 376 F.3d 1210 (10th Cir. 2004), that the policy statement applicable to § 3582(c)(2) proceedings should be considered advisory, rather than mandatory.  But both *Lee* and *Tsosie* concerned the revocation of supervised release; they did not involve issues relating to resentencing.[4]  Both cases acknowledge that the policy statements of Chapter 7 of the Sentencing Guidelines are advisory in nature.  In reaching our conclusion in *Lee*, we noted that our holding was specifically limited to Chapter 7 and that "[o]ther policy statements in the Sentencing Guidelines must be examined separately in the context of their statutory basis and their accompanying commentary."  *Lee*, 957 F.2d at 773.  Specifically,

> [t]he cases noting the mandatory nature of this provision in § 5K1.1 recognize that the motion requirement is suggested, if not compelled, by the underlying statute; they do not hold that policy statements are binding as a general rule. A provision set out in a policy statement may be binding because required by the underlying statutes.

*Id.* at 773–74.

Contrary to Bolden's suggestion, *Lee*, and by extension *Tsosie*, do not support finding § 1B1.10(b)(2)(A) merely advisory.  Instead, those cases instruct us to base our determination on an examination of the underlying statute,

---

[4] In *United States v. Tsosie*, 376 F.3d 1210 (10th Cir. 2004), the court did not alter the holding of *United States v. Lee*, 957 F.2d 770 (10th Cir. 1992),  and relied on the *Lee* court's reasoning in reaching its conclusion.  *See Tsosie*, 376 F.3d at 1218.

§ 3582(c)(2).  The clear language of § 3582(c)(2)—a sentencing reduction is allowed, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"—promotes the conclusion that § 1B1.10(b)(2)(A) is mandatory and, therefore, that district courts cannot resentence below the amended guideline range.

### III.  Conclusion

For the foregoing reasons, we AFFIRM the ruling of the district court.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge