**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 5, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　　Plaintiff-Appellee,

v.

J.C. CHATMAN,

　　　　　Defendant-Appellant.

No. 09-6078

(W.D. of Okla.)

(D.C. No. 5:91-CR-00051-R-3)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA, TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

J.C. Chatman, a federal prisoner, appeals the district court's denial of his

18 U.S.C. § 3582(c)(2) motion for sentence modification. This court has

jurisdiction pursuant to 28 U.S.C. § 1291. We AFFIRM the decision of the

district court.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

## I. Background

In 1991, a jury found Chatman guilty of various crimes relating to crack cocaine and he was sentenced to life imprisonment. For sentencing purposes, the district court found that Chatman was responsible for 15 kilograms of crack cocaine. Chatman's sentence was calculated in accordance with the 1990 edition of the Sentencing Guidelines and reflected a total offense level of 48 and a criminal history category of III.

In 1995, in response to Amendment 505 to the Sentencing Guidelines, which altered the offense levels and quantity thresholds for drug-related offenses, the district court inquired whether Chatman was due any reduction in sentence. The district court determined that Amendment 505 reduced the total offense level to 44, but also that the applicable guideline range remained unchanged. Amendment 505 thus did not result in modification of Chatman's sentence.

Twelve years later, the Sentencing Commission again altered its provisions relating to crack cocaine. Amendment 706 to the Sentencing Guidelines, enacted in 2007 and subsequently made retroactive, reduced by two levels the base offense level associated with crack-cocaine offenses. *See United States v. Rhodes*, 549 F.3d 833, 835 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 2052 (2009). In 2009, based on Amendment 706 and pursuant to § 3582(c)(2), Chatman filed a motion for sentence reduction.

The district court denied Chatman's motion. When originally sentenced, Chatman was held responsible for more than 4.5 kilograms of crack cocaine. As a result, Amendment 706 does not reduce his base offense level and the guideline range applicable to him does not change. *See* USSG § 2D1.1(c)(1) & app. n. 10(D)(ii)(I). Based on this analysis, and citing *Rhodes* for the proposition that *United States v. Booker*, 543 U.S. 220 (2005), has no bearing on § 3582(c)(2) proceedings, the district court refused to reduce Chatman's sentence.

## II. Discussion

We review the district court's determination of its authority to modify a sentence under § 3582(c)(2) de novo, *see Rhodes*, 549 F.3d at 837, as well as the district court's interpretation of a statute or the Sentencing Guidelines, *see United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008).

Preliminarily, to the extent Chatman challenges the amount of crack cocaine the district court found him responsible for at sentencing, his effort is misdirected. It is well-established that a defendant cannot use a § 3582(c)(2) motion to collaterally attack his sentence. *See United States v. Smartt*, 129 F.3d 539, 542–43 (10th Cir. 1997). Section 3582(c)(2) only may be employed "to modify a sentence based on events occurring after the original sentence was imposed." *United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003). We will therefore not review the drug quantity for which Chatman was held responsible.

A.  Sentencing Guideline Framework

We have addressed the effect of modifications to the sentencing guidelines in a growing number of cases.  By way of background, § 3582(c)(2) provides:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> * * *
>
> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . .

The Sentencing Commission instructs us that any modification of sentence must be consistent with the terms of USSG. § 1B1.10.  Section 1B1.10(a)(2)(B) prohibits a district court from resentencing unless the applicable guideline range is reduced: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if . . . [a]n amendment . . . does not have the effect of lowering the defendant's applicable guideline range."  Absent a downward change in the sentencing range, the district court need not conduct a full discretionary resentencing pursuant to 18 U.S.C. § 3553.

In this context, we have consistently held that *Booker* does not apply to § 3582(c)(2) proceedings and that, consequently, district courts may not resentence absent a reduction in the applicable guideline range.  *See Rhodes*, 549

F.3d at 840–41.  In so holding, we stated that the constitutional concerns of

*Booker* do not apply in sentence modification proceedings:

> [T]he Sixth Amendment concerns that gave rise to the *Booker* decision will not be replicated in sentence modification proceedings. Given the narrow scope of sentence modification proceedings, there is no concern that a district court in such a proceeding will make factual findings that in turn will raise a defendant's sentence beyond the level justified by 'the facts established by a plea of guilty or a jury verdict. . . .'  Indeed, a district court in a sentence modification proceeding is authorized only to 'reduce the [originally imposed] term of imprisonment,' not to increase it.  As a result, we conclude that *Booker* simply has no bearing on sentencing modification proceedings conducted under § 3582(c)(2).

*Rhodes*, 549 F.3d at 840; *accord United States v. Melvin*, 556 F.3d 1190 (11th

Cir. 2009) ("Concluding that *Booker* and *Kimbrough*[ *v. United States*, 552 U.S.

85 (2007),] do not apply to § 3582(c)(2) proceedings, we hold that a district court

is bound by the limitations on its discretion imposed by § 3582(c)(2) and the

applicable policy statements by the Sentencing Commission."), *cert. denied*, 129

S. Ct. 2382 (2009).

We have also ruled that the policy statement applicable to § 3582(c)(2)

does not impermissibly vest the Sentencing Commission with the power to limit

federal courts' jurisdiction.  *See United States v. Dryden*, 563 F.3d 1168, 1170

(10th Cir. 2009).  Specifically, this court has stated, "[A] nondelegation argument

has at least one fatal deficiency: § 1B1.10(a)(2)[(B)] does no more than reiterate a

*statutory* limitation on resentencing.  [Such an] argument challenges a limitation

created not by the Sentencing Commission under delegated authority, but by

-5-

Congress itself." *Dryden*, 563 F.3d at 1170 (emphasis in original). Accordingly, because § 1B1.10(a)(2)(B) instructs that sentencing courts shall not resentence where an amendment does not lower the applicable guideline range, and because that policy statement is binding on district courts pursuant to § 3582(c)(2), district courts lack the authority to impose modified sentences unless the applicable guideline range is reduced. *See Rhodes*, 549 F.3d at 841; *see also United States v. Murphy*, 578 F.3d 719, 720–21 (8th Cir. 2009) ("[T]he limitations in the applicable policy statement . . . on a district court's authority to reduce a sentence in a proceeding under § 3582(c) are 'constitutional and enforceable.'"), *cert. denied*, 2009 U.S. LEXIS 8457 (Nov. 30, 2009).

B.  Because Amendment 706 Does Not Lower the Applicable Guideline
    Range, Chatman Cannot Be Resentenced Under § 3582(c)(2)

The district court did not err in denying Chatman's motion for sentence reduction. First, § 3582(c)(2) and § 1B1.10(a)(2)(B) clearly prohibit resentencing unless an amendment reduces the applicable guideline range. Second, this court has repeatedly held that neither *Booker*, *Kimbrough*, nor the Sixth Amendment afford district courts additional discretion with respect to resentencing under § 3582(c)(2). Consequently, district courts cannot rely on those sources for authority to modify sentences in ways that contravene § 3582(c)(2) and § 1B1.10(a)(2)(B). Finally, as we have expressly ruled, § 1B1.10(a)(2)(B) does not impermissibly interfere with the jurisdiction of the federal courts, because it

-6-

"does no more than reiterate a statutory limitation on resentencing." *Dryden*, 563 F.3d at 1170 (emphasis removed). Thus, district courts cannot ignore the policy statement applicable to § 3582(c)(2) on non-delegation grounds and impose reduced terms of imprisonment where an amendment does not reduce the applicable guideline range.

Chatman suggests that our *Rhodes* decision, concerning the relationship between § 3582(c)(2), § 1B1.10, and district courts' resentencing authority, was incorrectly decided. Chatman maintains that the discretion *Booker* accorded district courts in imposing original sentences applies to resentencings as well. Chatman further contends that this court's decisions have not adequately taken into account the Sentencing Reform Act's legislative history or the differences between guidelines and policy statements. Whatever their merit, Chatman's arguments do not allow us to ignore circuit precedent, and *Rhodes* firmly applies here.

We have previously noted that, while *Booker* excised statutory provisions mandating that judges impose within-guidelines sentences in original sentencings, it did not touch § 3582(c)(2) proceedings. *See United States v. Pedraza*, 550 F.3d 1218, 1220 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 2406 (2009). "A resentencing proceeding is an entirely different animal that does not implicate the Sixth Amendment concerns that drove the *Booker* remedy." *Id.* Overturning our prior precedent requires either an intervening en banc decision of this court or a

superseding contrary decision by the Supreme Court. *See In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993).

Chatman's reliance on legislative history is similarly misplaced. "[L]egislative history is often murky, ambiguous, and contradictory, and [the court] should resort to it only when a statute's plain language is unclear." *Ford v. Ford Motor Credit Corp.*, 574 F.3d 1279, 1293 (10th Cir. 2009) (internal quotation marks and citation omitted). Section 3582(c)(2)'s language is not ambiguous with regard to the limiting effect of policy statements. The statute expressly states that a sentencing reduction is allowed, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Furthermore, the legislative history of the Sentencing Reform Act that Chatman cites does not discuss § 3582(c)(2), let alone the specific language at issue. In short, the language of the statute is unambiguous and reference to legislative history is unwarranted; Chatman's legislative-history argument does not support the conclusion that district courts may resentence absent an amendment that lowers the applicable guideline range.

Finally, contrary to Chatman's suggestion, finding § 1B1.10(a)(2)(B) merely advisory is unwarranted. Our caselaw instructs us to focus on the underlying statute, § 3582(c)(2). *See United States v. Lee*, 957 F.2d 770, 774 (10th Cir. 1992) ("A provision set out in a policy statement may be binding because [it is] required by the underlying statutes."). The clear language of

§ 3582(c)(2)—a sentencing reduction is allowed, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"—promotes the conclusion that § 1B1.10(a)(2)(B) is mandatory and, therefore, that district courts cannot resentence where an amendment does not reduce the applicable guideline range.

### III.  Conclusion

For the foregoing reasons, we AFFIRM the ruling of the district court.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge