FILED
United States Court of Appeals
Tenth Circuit

January 5, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MYRON ANDRE WILLIAMS,

Defendant-Appellant.

No. 09-6053

(W.D. of Okla.)

(D.C. No. 5:00-CR-00025-R-8)

---

ORDER AND JUDGMENT[*]

---

Before **KELLY**, **SILER**[**], and **TYMKOVICH**, Circuit Judges.

Myron Andre Williams, a federal prisoner, appeals the district court's

denial of his 18 U.S.C. § 3582(c)(2) motion for sentence modification.[1] This

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] The Honorable Eugene E. Siler, United States Circuit Judge, Sixth Circuit, sitting by designation.

[1] Recently, the court has addressed a number of appeals relating to Amendment 706 of the United States Sentencing Guidelines. This decision's reasoning and holding are consistent with our determinations in those other "crack cases." In particular, see: *United States v. Bolden*, No. 09-6066, --- WL --- (---); *United States v. Chatman*, No. 09-6078, --- WL --- (---); *United States v. Burris*, No. 09-6046, 2009 WL 4071833 (Nov. 25, 2009); and *United States v. Hodge*, No. 09-6062, 2009 WL 4071832 (Nov. 25, 2009).

court has jurisdiction pursuant to 28 U.S.C. § 1291. We AFFIRM the decision of the district court.

## I. Background

Williams pleaded guilty to several drug-related offenses and was sentenced to 235 months' imprisonment. For sentencing purposes, the district court adopted the presentence report's finding that Williams was responsible for 10.16 kilograms of crack cocaine. Williams's sentence was calculated in accordance with the 1998 edition of the Sentencing Guidelines and reflected a total offense level of 37 and a criminal history category of II.

Amendment 706 to the Sentencing Guidelines, effective November 1, 2007, reduced by two levels the base offense level associated with each enumerated quantity of crack cocaine set forth in USSG § 2D1.1. *See United States v. Rhodes*, 549 F.3d 833, 835 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 2052 (2009). Subsequently, Amendment 706 was made retroactive. *See id.*

In 2008, based on Amendment 706 and pursuant to § 3582(c)(2), Williams filed a motion for sentence reduction. The district court denied the motion. Because Williams was held responsible for more than 4.5 kilograms of crack cocaine for sentencing purposes, he is not eligible to receive the offense level reduction Amendment 706 provides, and the guideline range applicable to him does not change. *See* USSG § 2D1.1(c)(1) & app. n.10(D)(ii)(I). Based on those circumstances, and citing *Rhodes* for the proposition that *United States v. Booker*,

543 U.S. 220 (2005), has no bearing on § 3582(c)(2) proceedings, the district court refused to reduce Williams's sentence.

## II. Discussion

The district court's determination of its authority to modify a sentence under § 3582(c)(2) is reviewed de novo, *see Rhodes*, 549 F.3d at 837, as is the district court's interpretation of a statute or the Sentencing Guidelines, *see United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008).

*A.  Resentencing Under § 3582*

Our cases have uniformly held that resentencing is unavailable under § 3582 where the applicable guideline range has not been lowered.  *See United States v. Dryden*, 563 F.3d 1168, 1170–71 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 311 (2009); *Rhodes*, 549 F.3d at 838–41; *Sharkey*, 543 F.3d at 1238–39.  In particular, we have upheld the force of the Sentencing Commission's policy determination that a reduction is not "authorized under 18 U.S.C. 3582(c)(2) if . . . [a]n amendment . . . does not have the effect of lowering the defendant's applicable guideline range."  *See*, *e.g.*, *Dryden*, 563 F.3d at 1170–71 (discussing USSG § 1B1.10).  In this case, Amendment 706 did not reduce the sentencing range available to Williams.  He is not authorized to receive a sentence reduction.

Nor do the discretionary provisions of *Booker* apply to § 3582(c)(2) proceedings.  We rejected that argument in *Rhodes*.  *See Rhodes*, 549 F.3d at 840–41.  In so holding, we stated:

-3-

> [T]he Sixth Amendment concerns that gave rise to the *Booker* decision will not be replicated in sentence modification proceedings. Given the narrow scope of sentence modification proceedings, there is no concern that a district court in such a proceeding will make factual findings that in turn will raise a defendant's sentence beyond the level justified by 'the facts established by a plea of guilty or a jury verdict. . . .' Indeed, a district court in a sentence modification proceeding is authorized only to 'reduce the [originally imposed] term of imprisonment,' not to increase it. As a result, we conclude that *Booker* simply has no bearing on sentencing modification proceedings conducted under § 3582(c)(2).

*Rhodes*, 549 F.3d at 840; *see also United States v. Gaines*, 2009 WL 3059067, at *4 (10th Cir. Sept. 25, 2009) ("We have [] repeatedly rejected the notion that the principles informing *Booker* have any role in a sentencing modification proceeding under § 3582(c)(2)."); *United States v. Harris*, 2009 WL 2837529, at *3 (10th Cir. Sept. 4, 2009) ("*Kimbrough*[ *v. United States*, 552 U.S. 85 (2007),] does not provide a separate basis for relief under § 3582(c)(2)."); *accord United States v. Melvin*, 556 F.3d 1190 (11th Cir. 2009) ("Concluding that *Booker* and *Kimbrough* do not apply to § 3582(c)(2) proceedings, we hold that a district court is bound by the limitations on its discretion imposed by § 3582(c)(2) and the applicable policy statements by the Sentencing Commission."), *cert. denied*, 129 S. Ct. 2382 (2009).

Lastly, we have also held that the policy statement applicable to § 3582(c)(2) does not impermissibly vest the Sentencing Commission with the power to determine which cases the federal courts have jurisdiction to consider. *See Dryden*, 563 F.3d at 1170. Specifically, "[a] nondelegation argument has at

least one fatal deficiency: [USSG] § 1B1.10(a)(2)[(B)] does no more than reiterate a *statutory* limitation on resentencing. [Such an] argument challenges a limitation created not by the Sentencing Commission under delegated authority, but by Congress itself." *Dryden*, 563 F.3d at 1170 (emphasis in original). Accordingly, because § 1B1.10(a)(2)(B) clearly indicates that sentencing courts shall not resentence where an amendment does not lower the applicable guideline range, and because that policy statement is binding on district courts pursuant to congressional authority as articulated in § 3582(c)(2), district courts lack the authority to impose modified sentences unless the applicable guideline range is reduced. *See Rhodes*, 549 F.3d at 841; *see also United States v. Murphy*, 578 F.3d 719, 720–21 (8th Cir. 2009) ("[T]he limitations in the applicable policy statement . . . on a district court's authority to reduce a sentence in a proceeding under § 3582(c) are 'constitutional and enforceable.'"), *cert. denied*, 2009 U.S. LEXIS 8457 (Nov. 30, 2009).

*B. Application to Williams*

The district court did not err in denying Williams's motion for sentence reduction. First, as we noted above, § 3582(c)(2) and § 1B1.10(a)(2)(B) prohibit district courts from resentencing unless an amendment reduces the applicable guideline range. Second, we have repeatedly held that neither *Booker*, *Kimbrough*, nor the Sixth Amendment afford district courts additional discretion with respect to resentencing under § 3582(c)(2). Consequently, district courts

cannot rely on those sources for authority to modify sentences in ways that contravene § 3582(c)(2) and § 1B1.10(a)(2)(B). Finally, as we have expressly ruled, § 1B1.10(a)(2)(B) does not impermissibly interfere with the jurisdiction of the federal courts, because § 1B1.10(a)(2)(B) "does no more than reiterate a statutory limitation on resentencing." *Dryden*, 563 F.3d at 1170 (emphasis removed). Thus, district courts cannot ignore the policy statement applicable to § 3582(c)(2) on non-delegation grounds and impose reduced terms of imprisonment where an amendment does not reduce the applicable guideline range.

Williams suggests that our *Rhodes* decision, concerning the relationship between § 3582(c)(2), § 1B1.10, and district courts' resentencing authority, was incorrectly decided. Williams maintains that the discretion *Booker* accorded district courts in imposing original sentences applies to resentencings as well. Williams also contends that this court's decisions have not adequately taken into account the Sentencing Reform Act's legislative history or the differences between guidelines and policy statements.

We have previously noted that, while *Booker* excised statutory provisions mandating that judges impose within-guidelines sentences in original sentencings, it did not touch § 3582(c)(2) proceedings. *See United States v. Pedraza*, 550 F.3d 1218, 1220 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 2406 (2009). "A resentencing proceeding is an entirely different animal that does not implicate the

Sixth Amendment concerns that drove the *Booker* remedy." *Id.* Overturning our prior precedent requires either an intervening en banc decision of this court or a superseding contrary decision by the Supreme Court. *See In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993). Williams does not identify, and our research does not reveal, any decision that necessitates a break with our precedent.[2]

Williams's reliance on legislative history is similarly misplaced. "[L]egislative history is often murky, ambiguous, and contradictory, and [the court] should resort to it only when a statute's plain language is unclear." *Ford v. Ford Motor Credit Corp.*, 574 F.3d 1279, 1293 (10th Cir. 2009) (internal quotation marks and citation omitted). Section 3582(c)(2)'s language is not ambiguous with regard to the limiting effect of policy statements. The statute expressly states that a sentencing reduction is allowed, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Furthermore, the legislative history of the Sentencing Reform Act that Williams cites does not discuss § 3582(c)(2), let alone the specific language at issue. In short, the language of the statute is unambiguous and reference to legislative history is unwarranted; Williams's

---

[2] The Supreme Court may provide guidance on this issue next year. *See Dillon v. United States*, --- S. Ct. --- 2009 WL 2899562 (Dec. 7, 2009) (granting certiorari).

legislative-history argument does not support the conclusion that district courts may resentence absent an amendment that lowers the applicable guideline range.

Williams also points to *United States v. Lee*, 957 F.2d 770 (10th Cir. 1992), and *United States v. Tsosie*, 376 F.3d 1210 (10th Cir. 2004), to support the proposition that the policy statement applicable to § 3582(c)(2) proceedings should be considered advisory, rather than mandatory. Both *Lee* and *Tsosie* concerned the revocation of supervised release; they did not involve issues relating to resentencing.[3] Both cases acknowledge that the policy statements of Chapter 7 of the Sentencing Guidelines are advisory in nature.

The *Lee* court, which provided a more detailed discussion of its ruling with respect to the advisory/mandatory issue, based its determination that Chapter 7's policy statements were advisory on its review of the related statute. In reaching its conclusion, the court in *Lee* noted that its holding was specifically limited to Chapter 7 and that "[o]ther policy statements in the Sentencing Guidelines must be examined separately in the context of their statutory basis and their accompanying commentary." *Lee*, 957 F.2d at 773. The *Lee* court also declared that its ruling with regard to Chapter 7's policy statements did not disturb its prior holding that USSG § 5K1.1, another policy statement, was mandatory. *See id.*

---

[3] In *United States v. Tsosie*, 376 F.3d 1210 (10th Cir. 2004), the court did not alter the holding of *United States v. Lee*, 957 F.2d 770 (10th Cir. 1992), and relied on the *Lee* court's reasoning in reaching its conclusion. *See Tsosie*, 376 F.3d at 1218.

Contrary to Williams's suggestion, *Lee*, and by extension *Tsosie*, do not support finding § 1B1.10(a)(2)(B) merely advisory. Instead, those cases instruct us to base our determination on an examination of the underlying statute, § 3582(c)(2). The language of § 3582(c)(2)—a sentencing reduction is allowed, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"—promotes the conclusion that § 1B1.10(a)(2)(B) is mandatory and, therefore, that district courts cannot resentence where an amendment does not reduce the applicable guideline range.

## III. Conclusion

For the foregoing reasons, we AFFIRM the ruling of the district court.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge